UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PETE HINSKEN *et al.*,

    Plaintiff,

v.

ALYSSA ZACH *et al.*,

    Defendants,

Case No.  C06-5107RBL

REPORT AND RECOMMENDATION TO GRANT DEFENDANT ZACH'S MOTION FOR SUMMARY JUDGMENT

**NOTED FOR**:
**January 19, 2007**

    This 42 U.S.C. § 1983 Civil Rights has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is Alyssa Zach's, motion for summary judgment (Dkt. # 44). Ms. Zach is one of the six named defendants in this action.

    This action challenges the propriety of a search warrant, the filing of criminal charges, and the return of personal property after a motion to suppress evidence was granted.  One of the defendants, Alyssa Zach, a deputy prosecutor with Cowlitz County, has moved for summary judgment and raises the affirmative defense of prosecutorial immunity (Dkt. # 44).

    Plaintiff has responded to the motion (Dkt. # 48).  The response does not place any evidence

REPORT AND RECOMMENDATION
Page - 1

before the court showing that defendant Zach played any part in obtaining the search warrant that was later found to be inadequate. Nor does plaintiff place before the court any evidence showing defendant Zach had any knowledge surrounding the circumstances under which the search warrant was obtained (Dkt. # 48). Plaintiff's also fails to place any evidence before the court showing that Defendant Zach ever had possession of any of their alleged personal property (Dkt. # 48).

## FACTS

In July of 2004 a person named Susan Flannigan was arrested in Cowlitz County when she tried to cash a counterfeit check (Dkt. # 1 page 2). Pete Hinsken was waiting in a van for Ms. Flannigan to come out of the bank. He was placed under arrest after police contacted him. The arrest was for outstanding warrants (Dkt. # 1 page 2).

At the county jail Ms. Flannigan made statements incriminating Mr. Hinsken and linking the check to a computer in his home. Detective Stafford obtained a warrant to search plaintiff's home for the computer and other tangibles. Allegedly Detective Stafford failed to disclose information regarding Ms. Flannigan when he obtained the warrant (Dkt. # 1, page 2).

After executing the search warrant Pete Hinsken's wife, Ginger, was also arrested (Dkt. # 1, page 2). The Hinskens were charged with a seven count indictment including charges for possession of stolen property, identity theft, and financial fraud (Dkt. # 1, page 2).

Defendant Zach has placed information before the court showing she played no part in the issuance of the search warrant in this case (Dkt. # 45, page 2). After review of the investigation file, which included photographs of the evidence obtained when the search warrant was executed, Defendant Zach caused an information to be filed against each of the Hinskens (Dkt. # 45, page 2).

A suppression hearing was held with regards to the search warrant and the evidence obtained by the warrant was suppressed. Defendant Zach represented the State at that hearing. When the motion to suppress was granted, defendant Zach moved to dismiss the charges. Her motion was granted (Dkt. # 45, page 3 and 4).

## DISCUSSION

A.  <u>The standard of review</u>.

REPORT AND RECOMMENDATION
Page - 2

1  Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). See also Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the preponderance of the evidence in most civil cases. Anderson, 477 U.S. at 254; T.W. Elec. Service Inc., 809 F.2d at 630. The court must resolve any factual dispute or controversy in favor of the nonmoving party only when the facts specifically attested by the party contradicts facts specifically attested by the moving party. Id.

The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in hopes that evidence can be developed at trial to support the claim. T.W. Elec. Service Inc., 809 F.2d at 630.(relying on Anderson, supra). Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990).

B.   Prosecutorial immunity.

REPORT AND RECOMMENDATION
Page - 3

1  Here, defendant Zach has raised the affirmative defense of prosecutorial immunity (Dkt. # 44). A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages under 42 U.S.C. S 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies only when the challenged activity is intimately associated with the judicial phase of the criminal process. Id. at 430. Prosecutors are absolutely immune for quasi-judicial activities taken within the scope of their authority. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). A prosecutor's activities in connection with the preparation and filing of charges are protected by absolute immunity. Kalina v. Fletcher, 118 S.Ct. 502, 509 (1997). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. Ashelman, 793 F.2d at 1072.

Here, the first evidence of defendant Zach's participation in the case is when she reviewed the file in August of 2004 after the warrant had been executed. There is nothing to show her actions in filing a charge, defending the state's position in the suppression hearing, and moving to dismiss the charges after loss of the suppression hearing were anything but the activities associated with the judicial phase of a prosecution. Defendant Zach is entitled to summary judgment and is immune from suit. The court recommends this defendant be **GRANTED SUMMARY JUDGMENT AND DISMISSED FROM THIS ACTION.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 19, 2007** as noted in the case caption.

DATED this 18, day of December, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge