1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
9                                   AT TACOMA

10    PETE HINSKEN *et al*.,

11                      Plaintiff,

12            v.                                    Case No.  C06-5107RBL

13    ALYSSA ZACH *et al*.,
                                                    REPORT AND
14                      Defendants,                 RECOMMENDATION TO
                                                    GRANT THE REMAINING
15                                                  DEFENDANT'S
                                                    MOTION FOR SUMMARY
16                                                  JUDGMENT

17                                                  **NOTED FOR**:
                                                    **April 27, 2007**
18

19

20            This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate

21    Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules

22    MJR 1, MJR 3, and MJR 4.  Before the court is a motion for summary judgment filed by the

23    remaining five defendants in this action (Dkt. # 54).  Defendant Zach was previously granted

24    summary judgment but has a pending counterclaim against the plaintiff's (Dkt. # 51 (Order adopting

25    Report and Recommendation), Dkt. # 41 (counter claim)).

26            This action challenges the constitutionality of a search warrant and the filing of criminal

27    charges.  The remaining defendants have moved for summary judgment and plaintiffs have not

28    responded.  One of the arguments raised by the defendants is that Ginger Hinsken has failed to sign

1  the complaint or amended complaint in this action, and pursuant to Fed R. Civ. P. 11, she is not a

2  proper party to this action.  (Dkt. # 54, page 4).  Defendants also argue they executed a search warrant

3  that was valid on its face and they are therefore entitled to qualified immunity (Dkt. # 54, pages 5

4  through 10).

5       Plaintiffs have not responded to the motion for summary judgment.  Local Rule 7 (b) (2)

6  states that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by

7  the court as an admission that the motion has merit."  The court adopts defendant's statement of facts

8  as undisputed.

9                                        FACTS

10      Defendants set forth the facts as follows;

11            On July 27, 2004, a woman named Susan Flanigan entered a bank in
       Longview, WA. and tried to pass a counterfeit check. *Stafford Declaration*,[Dkt. 56]
12     ex. 1. The bank recognized the check as counterfeit and eventually the police were
       contacted. *Id*. Detective Dean Stafford came to the bank when Flanigan returned to try
13     and obtain funds from the counterfeit check. He spoke with Flanigan after she was
       Mirandized and agreed to talk. *Id*. Flanigan told Detective Stafford that a man named
14     Pete Hinsken gave her the check. They had agreed that Flanigan would deposit the
       check and draw funds from it and give them to Hinsken. She was to be paid a portion
15     of the proceeds for her services. She provided Hinsken's address and indicated that he
       had a computer system at the residence that was "probably used to make" the check.
16     *Id*.

17            Flanigan indicated that Hinsken was in a vehicle outside the bank waiting for
       her. *Id*. Detective Stafford went outside and identified Pete Hinsken as a passenger in
18     the vehicle mentioned by Flanigan. Hinsken had two outstanding felony warrants and
       he was arrested on those warrants. During the booking process, Hinsken was found to
19     be in possession of a substance believed to be methamphetamine. Hinsken later pled
       guilty to a charge related to possession of methamphetamine and was sentenced to
20     over a year in prison. *Justice Declaration*,[Dkt. # 55] ex. 1, pg. 21-22. Hinsken is not
       making any claim related to his arrest and charges of drug possession. *Id*.

21
              Following Hinsken's arrest, Detective Stafford applied to the court for a
22     search warrant. *Stafford Declaration*, [Dkt. # 55]ex. 2. Detective Stafford's
       "Complaint and Affidavit for Search Warrant" set forth above information and
23     requested a warrant that would cover all equipment and documents related to a
       suspected identity theft operation at Hinsken's residence. *Id*. The Affidavit explained
24     the profile of identity thieves and related Detective Stafford's experience that identity
       thieves often use computers to aid their crimes and retain the documents of the
25     identity theft victims for future use. *Id*.

26            A magistrate issued the search warrant. *Stafford Declaration*, [Dkt. # 55] ex.
       3. On July 30, 2004 police executed the warrant at Hinsken's residence. *Stafford
27     Declaration*, [Dkt. #55] ex. 4. Police located numerous items of evidence indicative
       of identity theft, including checks, drivers' licenses, social security cards, and credit

28

REPORT AND RECOMMENDATION
Page - 2

cards from other individuals. *Id.* They also located a camcorder that was recently reported stolen in a burglary. *Id.* Hinsken was interviewed by Detective Stafford while incarcerated on the outstanding warrants. *Id.* He admitted to purchasing the stolen camcorder and all of the "identify theft evidence" and to using his computer to create two counterfeit checks, including the one given to Flanigan. *Id.* He signed a statement to that effect. *Stafford Declaration*, [Dkt. # 55] ex. 5. Hinsken has since indicated that this statement is accurate. *Justice Declaration*, [Dkt. # 56] ex. 1, pp. 20-21.

Following the search of the residence, Hinsken's wife, Ginger, was arrested and charged with possessing stolen property, including the camcorder and the identity theft evidence. *Stafford Declaration* [Dkt. # 55]. This was because she resided with Pete Hinsken and all of the stolen items were in plain view in their house. *Id.*

Later the Hinskens moved to suppress the evidence seized from their house during the execution of the search warrant. *Id.* The Court granted the motion and the charges supported by the suppressed evidence were dismissed without prejudice due to lack of evidence. *Id.*

Pete Hinsken then instituted the present action pro se against Detective Stafford and four other Longview police officers. He also named the deputy prosecutor involved, although she was dismissed via summary judgment. *Docket No.* 52. The plaintiffs' complaint is brought by both Pete and Ginger Hinsken, although she has not signed the complaint. *Docket No. 1*. It alleged a claim of malicious prosecution. *Id.* The plaintiffs later filed a "Supplemental to Civil Rights Complaint" which asserted, in addition to malicious prosecution, claims for false arrest and false imprisonment and illegal search and seizure. *Docket No.,* 3-1. The "Supplemental" is signed only by Pete Hinsken as well.

(Dkt. # 54, pages 1 through 3).

## DISCUSSION

A.   <u>The standard of review</u>.

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative

1    evidence, not simply "some metaphysical doubt."). _See also_ Fed. R. Civ. P. 56 (e).  Conversely, a

2    genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed

3    factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  Anderson v.

4    Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical

5    Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

6           The determination of the existence of a material fact is often a close question.  The court must

7    consider the substantive evidentiary burden that the nonmoving party must meet at trial, e.g. the

8    preponderance of the evidence in most civil cases.  Anderson, 477 U.S. at 254; T.W. Elec. Service

9    Inc., 809 F.2d at 630.  The court must resolve any factual dispute or controversy in favor of the

10   nonmoving party only when the facts specifically attested by the party contradicts facts specifically

11   attested by the moving party. Id.

12          The nonmoving party may not merely state that it will discredit the moving party's evidence

13   at trial, in hopes that evidence can be developed at trial to support the claim.  T.W. Elec. Service Inc.,

14   809 F.2d at 630.(relying on Anderson, _supra_).  Conclusory, nonspecific statements in affidavits are

15   not sufficient, and "missing facts" will not be "presumed."   Lujan v. National Wildlife Federation,

16   497 U.S. 871, 888-89 (1990).

17          B.      Failure to sign pleadings.

18          Fed. R. Civ. P. 11 states:

19          Every pleading, written motion, and other paper shall be signed by at least one
            attorney in the attorney's individual name, or if the party is not represented by an
20          attorney, shall be signed by the party....An unsigned paper shall be stricken unless
            omission of the signature is corrected promptly after being called to the attention of
21          the attorney or party.

22          Defendants noted in their answer that Mr. Hinsken could not represent Ginger Hinsken, but

23   they did not specifically inform the plaintiffs of Ginger's failure to sign the pleadings (Dkt. # 41).

24   Review of the entire docket in this action reveals that Ginger Hinsken has not signed any pleading.

25          On February 21, 2007, defendants moved for summary judgment and plaintiff's have not

26   responded and have not provided any documents signed by Mrs. Hinsken.

27          The ability of a pro se litigant to sign and file documents is specific to that person.  McShane

28

REPORT AND RECOMMENDATION
Page - 4

1   v. U.S.,366 F2d, 286 (9th Cir.  1966).  Mr. Hinsken cannot sign pleadings on behalf of his wife as he

2   is not an attorney.  Defendants' position is well taken and Mrs. Hinsken is not a proper party to this

3   action.  Her claims therefore should be **DISMISSED WITHOUT PREJUDICE**.

4           C.      Qualified Immunity.

5           Government officials are given qualified immunity from civil liability under § 1983 insofar

6   as their conduct does not violate clearly established statutory or constitutional rights of which a

7   reasonable person would have known.   Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  When

8   evaluating the issue of qualified immunity, the court must follow a two-part test for qualified

9   immunity announced in Saucier v. Katz: (1) whether the facts alleged "show [that] the officer[s']

10  conduct violated a constitutional right"; and (2) whether the constitutional right in question was

11  "clearly established" such that "it would be clear to a reasonable officer that his conduct was

12  unlawful in the situation he confronted." Saucier v. Katz 533 U.S. 194, 201-02 (2001); *see also*

13  Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

14          1.      Acquisition of the search warrant.

15          As defendants note:

16              A law enforcement officer who obtains a warrant is entitled to qualified
                immunity unless 'the warrant application is so lacking in indicia of probable cause
17              as to render the official belief in its existence unreasonable....' *Malley v Briggs*,
                475 U.S. 335, 344-345 (1986)
18
    (Dkt. # 54, page 6).
19
            Detective Stafford was told by Susan Flanigan that she obtained a counterfeit check from
20
    Pete Hinsken (Dkt. # 54).  Ms. Flanigan also told the Detective Mr. Hinsken was outside waiting
21
    for her in a vehicle (Dkt. # 54).  The statement made by Ms. Flanigan regarding the check was a
22
    statement against her interest.  She indicated she was supposed to draw funds against the check
23
    and give some of the proceeds to Mr. Hinsken and keep some for herself (Dkt. # 54).  Mr.
24
    Hinsken was in fact outside waiting for her in a vehicle.  He was arrested on outstanding warrants
25
    (Dkt. # 54).
26
            Ms. Flanigan also told Detective Stafford Mr. Hinsken had a computer at home that he
27
    had "probably used" to make the counterfeit check (Dkt. # 54).  Ms. Flanigan was able to
28

1   describe the computer and its location in the house.  This information fit into a pattern of identity

2   theft that Detective Stafford recognized (Dkt. # 54).  With this information Detective Stafford

3   applied for a warrant.

4          Detective Stafford did not disclose to the Magistrate Judge information regarding Ms.

5   Flanigan that would have tended to undermine her credibility.  It is not clear from the record how

6   much, if any, of this unfavorable evidence was known to Detective Stafford.  The unfavorable

7   information includes information that Ms. Flanigan had been a person of interest in a homicide

8   that had taken place in her residence.  Ms. Flanigan had actively avoided police efforts to contact

9   her and question her in that case (Dkt. # 3, (supplemental complaint), exhibits).

10         This court finds the analysis in <u>Malley v Briggs</u>, is dispositive of this issue.  <u>Malley v.</u>

11  <u>Briggs</u>, 475 U.S. 335, 341 (1986).  In <u>Malley</u> the court stated:

12         Defendants will not be immune if, on an objective basis, it is obvious that no
           reasonably competent officer would have concluded that a warrant should issue;
13         but if officers of reasonable competence could disagree on this issue, immunity
           should be recognized.
14
    <u>Malley v Briggs</u>, 475 U.S. at 341.

15
16         Ms. Flanigan had supplied information that was consistent and truthful concerning the

17  check and Mr. Hinsken.  The information implicated her in criminal activity.  Further, the

    information she provided had just lead to the arrest of a person, Mr. Hinsken, on two outstanding
18
    warrants.  Ms. Flanigan described Mr. Hinsken's computer and told the Detective Stafford where
19
    in Mr. Hinskens home the computer was located.  Detective Stafford could have believed he had
20
    probable cause to obtain a search warrant.  He is therefore entitled to qualified immunity from
21
    damages.  Defendant's motion for Summary Judgment should be **GRANTED.**
22
23         2.      <u>Search pursuant to a facially valid warrant</u>.

24         The detectives and officers who conducted the search of Hinsken's home are entitled to

25  qualified immunity.  Defendants argue:

26         "A police officer generally has qualified immunity for conducting an
           unconstitutional search if he is acting on the basis of a facially valid warrant."
27         *Barlow v. Ground*, 943 F.2d 1132, 1139 (9th Cir.1991). *See also*, *Anderson v.*
           *Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034 (1987). The warrant in this case
28         was facially valid and the officers who allegedly participated in the search,

REPORT AND RECOMMENDATION
Page - 6

Detective Stafford, Detective Deisher, Detective Huhta, Officer Hartley and Officer Angel are therefore entitled to qualified immunity.

(Dkt. # 54, page 8).  Defendant's position is correct and their motion for Summary Judgment should be **GRANTED.**

       D.      <u>Arrest, Imprisonment, and Prosecution</u>.

       Mrs. Hinsken is not a proper party to this action and Mr. Hinsken was arrested on two outstanding warrants and subsequently convicted of possession of a controlled substance.  The claims for false arrest, false imprisonment, and malicious prosecution fail as a matter of law.

       E.      <u>Libel and Slander</u>.

       Defendants argue plaintiffs must come forward with evidence to support each element of a libel or slander case and state "[p]laintiffs have not provided any evidence to support a prima facie claim of libel or slander.  Summary Judgment is therefore appropriate." (Dkt. # 54, page 10).

       Plaintiffs have not responded.  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed. R. Civ. P. 56 (e).  Plaintiff's failure to come forward with evidence to support the claim is fatal to this issue and the defendant's are entitled to summary judgment.  Defendants motion for Summary Judgment should be **GRANTED.**

CONCLUSION

       Defendant's motion for summary judgment should be **GRANTED.**  As a counter claim remains the action should not be dismissed at this point in time.  A proposed order accompanies this Report and Recommendation.

       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also*

REPORT AND RECOMMENDATION
Page - 7

1  Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes

2  of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

3  72(b), the clerk is directed to set the matter for consideration on **April 27, 2007** as noted in the

4  case caption.

5

6         DATED this 27 day of March, 2007.

7

8                 */S/ J. Kelley Arnold*

               J. Kelley Arnold

9                 United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28